# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone: (302)-735-2111

February 4, 2022

Mr. Edward J. Fornias, Esquire
615 W. 18th Street, Lower Level
Wilmington, DE 19802

Mr. Alexander Couch
19 Ferndale
Smyrna, DE 19977

> **RE:** ***Worthington Homeowners Association v. Alexander Couch***
> ***K21J-01364 JJC***

Dear Mr. Fornias and Mr. Couch:

This letter provides the Court's reasoning and decision regarding Mr. Couch's request to stay a sheriff's sale of his personal property scheduled for 10:00 a.m. on February 10, 2022. For the reasons discussed below, the Court will stay the sale until the Justice of the Peace Court No. 13 decides a pending motion to reopen the judgment.

## Background

On August 19, 2021, the Worthington Homeowner's Association ("Worthington") transferred a judgment from Justice of the Peace Court No. 13 to Superior Court in Kent County. The Justice of the Peace Court had entered a judgment by default for $6,763.90, with post-judgment interest running from July 22, 2021. Worthington then transferred the judgment to the Superior Court after

obtaining the certification required by 10 *Del. C.* § 9569(a). After the transfer, Worthington filed a writ of *venditioni exponas* with the Sheriff to sell Mr. Couch's personal property. The Kent County Sheriff then scheduled the sale for February 10, 2022.

Mr. Couch then filed an emergency motion in Superior Court. He described it as an emergency motion "regarding server." After reviewing the motion, the Court deemed it to be one seeking a stay of the pending sale.

The Court then held argument on the motion virtually on January 26, 2022. At the hearing, Mr. Couch attempted to attack the underlying judgment collaterally. He sought to challenge the sufficiency of the notices in Justice of the Peace Court and of the upcoming Sheriff's sale. He also disputed the judgment amount. In response, Worthington represented to the Court that service in the underlying case was effective. He also represented that he believed the amount of the transferred judgment to be correct.

At the hearing, however, Worthington had no documentation available to support the amount owed. Furthermore, Worthington conceded that its third-party collection agent had changed hands and that the transition made it more complicated when justifying the amount owed. In response, Mr. Couch presented an invoice from Worthington that indicated:

**Amount Due: $378**
**As of Date: January 1, 2019.**[1]

The invoice also indicated that the previous balance, as of 12/1/2018, was $0. If that were true and the annual assessments were $378 as represented, then Mr. Couch could not have owed the amount alleged. He could not have because

---

[1] Pl. Supp. Filing, D.I. 10, Ex. C (emphasis added).

Worthington acknowledged that the amounts it seeks to recover upon execution include unpaid assessments from many years prior to 2018.

The Court then explained to Mr. Couch that, although Worthington had transferred the judgment to Superior Court, only the Justice of the Peace Court has jurisdiction to consider post-judgment proceedings (except those that address execution).[2]  Accordingly, the Court indicated that if Mr. Couch were to file a motion to contest the validity of the judgment in Justice of the Peace Court by February 7th,  the Court would enter a brief stay of execution pending the decision on such a motion.

Thereafter, on January 28, 2022, Mr. Couch filed proof with the Court that he had moved to reopen the case in the original court.[3]  In response, Worthington filed a letter requesting that the Court reconsider issuing a stay.  In Worthington's filing, it attached an invoice that indicates that the balance as of January 1, 2019 (the $378) did *not* include prior balances.

Because the Court did not enter the stay on the day of the argument, the Court will not consider Worthington's submission to be a motion for reargument.  Rather, the Court considers it to be a supplemental filing and has considered it when deciding this matter in the first instance.

**Standard**

The Superior Court has the discretion to grant a stay of a sheriff's sale based upon its right to control the disposition of cases on its docket.[4]  A limit to the Court's

---

[2] *See* 10 *Del. C.* § 9569(d) (providing that "[o]nce a judgment has been transferred . . . the Justice of the Peace Courts shall retain jurisdiction for purposes of all post-judgment proceedings with the exception of execution upon the judgment and/or the sale of real estate.").

[3] Notice of M., D.I. 14.

[4] *Wilmington Trust v. Lucks et al.*, 1999 WL 743255, at *7 (Del. Super. June 18, 1999) (citation omitted).

power to stay a sale includes the restriction that it should issue "only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his [or her] opponent."[5]

## Discussion

After applying this standard, the Court stays the pending sale of Mr. Couch's personal property. A motion to reopen the matter is pending in the Justice of the Peace Court. Pursuant to the statute that provided for the transfer of this judgment, only the Justice of the Peace Court may entertain a motion to vacate it.[6]

Here, Mr. Couch has substantiated to the Court's satisfaction that the amount of the judgment *may* be grossly incorrect. That showing, coupled with what he alleges to have been improper notice of the underlying proceedings, demonstrates a sufficient risk of hardship and inequity to justify a brief stay of execution. Namely, the potential hardship and inequity caused by an irrevocable sale of his personal effects under these circumstances outweigh the inconvenience that Worthington will suffer if there is a brief delay in execution.

## Conclusion

As a result, the Court hereby **STAYS** the Sheriff's sale of Mr. Couch's personal property. The stay is anticipated to be one of limited duration that will either be lifted or be unnecessary, dependent upon one of two eventualities. In the first eventuality, if the Justice of the Peace Court declines to vacate the judgment to reconsider the matter, Worthington should notify the Court. In that event, the Court

---

[5] *Id.*
[6] *See* 10 *Del. C.* § 9569(c) (providing that "[o]nce a judgment has been transferred [to Superior Court], the Justice of the Peace Courts shall retain jurisdiction for purposes of *all* post-judgment proceedings with the exception of execution upon the judgment and/or the sale of real estate.").

4

will promptly lift the stay without the need for further argument. In the second eventuality, if the Justice of the Peace Court vacates the judgment to reconsider the matter, then Worthington must file a prompt notice to vacate the transferred judgment.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*

cc: Sheriff's Office of Kent County
Justice of the Peace Court No. 13, Case No. JP13-21-0017